PHILLIP A. TALBERT
United States Attorney
MIRIAM R. HINMAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 2:22-CR-0033-WBS |
| Plaintiff, | STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; FINDINGS AND ORDER |
| v. | |
| EFRAIM JOURNO, | |
| Defendant. | |

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status conference (possible change of plea) on February 28, 2022, which was subsequently vacated.

2. By this stipulation, defendant now moves to continue the status conference (possible change of plea) until April 11, 2022 at 9:00 a.m., and to exclude time between today's date and April 11, 2022, under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

   a) The government has produced over 40 Bates-stamped items of discovery, including video and a spreadsheet containing a large number of electronic messages. The parties are discussing a protective order so that the government may produce thousands of additional

1   pages of discovery.

2     b) Counsel for defendant desires additional time to review the discovery and discuss it with his client. Such discovery review would be necessary to prepare for trial, should the defendant choose not to enter a change of plea, and is also relevant to preparation for sentencing.

  c) Counsel for defendant believes that failure to grant the above-requested continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

  d) The continuance is also requested for continuity of counsel, taking into account defense counsel's need to travel from southern California for court and his prior commitments in southern California for other clients.

  e) The government does not object to the continuance.

  f) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

  g) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period from today's date to April 11, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  March 7, 2022        PHILLIP A. TALBERT
                   United States Attorney

                  /s/ MIRIAM R. HINMAN

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

                                          MIRIAM R. HINMAN
                                        Assistant United States Attorney

Dated:  March 7, 2022                       /s/ MARK DANIEL MELNICK
                                        MARK DANIEL MELNICK
                                        Counsel for Defendant
                                        Efraim Journo

**ORDER**

IT IS SO FOUND AND ORDERED.

Dated:  March 8, 2022

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE